IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


ANDRE DEON McEWING                                          PETITIONER


vs.                  Civil Case No. 5:08CV00268 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

> 1.  Why the record made before the Magistrate Judge is inadequate.
>
> 2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for a writ of habeas corpus by Andre Deon McEwing, an inmate of the Arkansas Department of Correction.  Petitioner was convicted by a jury on August 23, 2005, of aggravated robbery, first degree battery and theft of property, and he received concurrent prison terms of life, forty years and forty years, respectively.  The Arkansas Supreme Court affirmed his convictions.  McEwing v. State, 366 Ark. 456 (2006).  Petitioner did not petition the United States Supreme Court for certiorari and

he did not seek state post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.

In these proceedings, Petitioner raises the following grounds for relief:

1.  He was denied the right to effective assistance of counsel when counsel failed to secure the testimony of his alibi witness; and

2.  The trial court's refusal to allow him to call the witness because of surprise to the prosecution violated his right to due process.

Respondent contends the petition should be dismissed because it is untimely and because the claims are either procedurally barred or rest entirely on state law.  Section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under § 2254.  The relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1]  28 U.S.C. § 2244(d)(1)(A).  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  "Direct review" includes review by the United States Supreme Court, id., if the petitioner obtained or sought review of the judgment by the State's court of last resort.  Riddle v. Kemna, 523 F.3d 850, 854-55 (8th Cir. 2008).  Such a judgment becomes final under § 2244(d)(1)(A) upon the denial of certiorari or the

---

[1]  Counsel for Petitioner has not argued that any other provisions of the statute apply.

expiration of the ninety days allowed for filing such a petition. Smith v. Bowersox, 159 F.3d at  348.

In the present case, the Arkansas Supreme Court issued its opinion on June 1, 2006.  Assuming that court is Arkansas' court of last resort, see Ben-Yah v. Norris, 570 F.Supp.2d 1086, 1094 (E.D.Ark.2008), under United States Supreme Court Rule 13.1, the ninety days for seeking certiorari began to run the next day,[2] and expired on August 31, 2006.  Petitioner had until August 31, 2007, in which to file his § 2254 petition, but he did not file the petition until September 29, 2008, well past the limitations period.  Petitioner does not contest Respondent's assertion that the petition is untimely.  He argues, however, that

> [a]ny failure by this federal court to consider the important claims and issues raised by the petitioner's case will result in a fundamental miscarriage of justice, because it will sustain a criminal conviction that is genuinely unreliable, condone the state's use of dilatory and bad faith tactics to deny a defendant a fair trial, and countenance a trial court ruling the evidenced no concern for insuring the petitioner a fair trial, but rather applied the criminal procedural rules punitively, so as to arbitrarily exclude highly relevant, probative and exculpatory testimony in the petitioner's case.

Petitioner's Brief (DE #9, pp. 2-3).

---

[2]  Rule 13.3 provides that the time runs from the date of judgment or order, not from the date of the issuance of the mandate.  See Wright v. Norris, 299 F.3d 926, 927 n.2 (8th Cir. 2002) (Fed. R. Civ. P. 6(a) governs calculation of AEDPA time limits); Fed. R. Civ. P. 6(a) (excluding day of event beginning time period from calculation).

A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418.[3]  "[E]quitable tolling is appropriate only in rare cases," Von Eye v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).  Although given the opportunity, Petitioner has not explained why he delayed in filing his petition.

Additionally, even if I were to interpret the above excerpt from Petitioner's brief as an assertion of his actual innocence, such a claim would not entitle him to invoke equitable tolling. "Actual innocence" may equitably toll a statute of limitations only where some action or inaction by the state prevented a petitioner from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the time limitation.  Flanders v. Graves,  299 F.3d 974 (8th Cir. 2002), cert. denied, 537 U.S. 1236 (2003).  Petitioner has not asserted any such circumstance.  I find Petitioner is not entitled to invoke

---

[3]  The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

equitable tolling and his petition is untimely.   Given this finding, there is no need to address Respondent's other arguments.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.  All pending motions are denied.

SO ORDERED this 9th day of July, 2009.

_Henry L. Jones, Jr._
_____
United States Magistrate Judge